## ESTATE OF PATRICK TANEY.

No. 8545—Nov. 5, 1878.

WILL. — SIGNATURE. — NAME OF PROPOSED TESTATOR WRITTEN BY ANOTHER PERSON NOT A WITNESS TO THE WILL AND NOT IN THE PRESENCE OF THE WITNESSES.

HELD, that the testator should have called the attention of the witnesses to the fact that he had signed the document; and that it had been *subscribed by him or by his authority.*

Construing section, C. C., 1276.

*J. C. Bates,* for proponent.

*M. Mullany* and *A. M. Crane,* for contestant.

The deceased was an unlettered man; could neither read nor write. At his request his friend Elligot, using a printed blank, filled out a paper intended for a will. It was prepared under Taney's immediate supervision, and according to his instructions. After keeping it about three weeks, Taney desired to have it executed, and requested Elligot to write his (Taney's) name, which he did at the foot of the paper, and Taney made a ☒ at the end of his name. Some two or three days after that, Taney and Elligot, knowing that it was necessary to have two witnesses, went to a neighboring house and found two acquaintances. Taney, producing the paper from his pocket, said to the persons, "I want you to witness my will;" or, as one of the witnesses remembered, "I wish that you would witness this will." Taney placed the paper on the table, and both the witnesses signed the printed attesting clause. Taney did not say anything about his signature, nor his mark, nor about his having had his name signed. One of the witnesses did not see any signature of Taney's name, and the other does not know whether he saw it or not. Their attention was not called to the signature. Elligot's name does not appear on the paper.

Two points are made by the contestants, viz:

1—Elligot, having written the name of Taney, should have signed his own name as a witness to Taney's signature.

2.—Taney should have declared to the subscribing witnesses that he had caused his name to be signed to the paper, and that he adopted the signature as his own.

The first point is not well taken.   It is true that various sections of the Civil Code provide that the person writing the name of another must subscribe the paper as a witness, but Sec. 1278 expressly exempts wills from the operation of the other sections.

As to the second point: Various decisions have been cited to sustain the views offered by the respective counsel. The Massachusetts, Virginia, and English cases apparently sustain the proponent; but as those cases were decided under statutes differing from ours, they lose their apparent weight. The statute of New York is nearly, if not quite, identical with ours; and under that statute two cases (1 Kernan, 220; 10 Paige, 85) have been decided which clearly sustain the views of the contestant.

Our statute requires four distinct facts to exist in order that a will be valid (Sec. 1276, Civil Code), viz:

1—It must be subscribed by the testator, or by some person in his presence, and by his direction.

2—The subscription must be made in the presence of the testator, *or be acknowledged by the testator to them to have been made by him, or by his authority*.

3—The testator must declare the paper to be his will; and,

4—Two attesting witnesses must sign their names.

The Legislature has made each one of these four facts as essential as either of the others; therefore, it is as essential that the signature, if not made in the presence of the witnesses, be acknowledged to them, as it is that the paper be signed at all.   The Court is not at liberty to ignore either of the four requirements.   It was argued that his request to the witnesses to witness the will was equivalent to an acknowledgment that the paper then produced contained all the requisites of a valid will, including the acknowledgment of his signature.   That cannot be so, for his acknowledgment of a fact that did not exist would not bring the fact into existence, no more than would his acknowledgment of one fact be an acknowledgment of another fact.   It was necessary that the attention of the witnesses should have been called directly to *the signature*.

Order made denying probate.